**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-1963**

───────────

JAMES P. CUSICK, SR.,

        Plaintiff - Appellant,

    v.

U.S. DEPARTMENT OF JUSTICE,

        Defendant - Appellee.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:22-cv-01611-TDC)

───────────

Submitted:  November 10, 2025               Decided:  February 10, 2026

───────────

Before KING, HARRIS, and QUATTLEBAUM, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  John J. Korzen, Director, Trinity J. Chapman, Miriam Draper, William Gilchrist, Appellate Advocacy Clinic, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant.  Brett A. Shumate, Assistant Attorney General, Michael S. Raab, Kevin B. Soter, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Kelly O. Hayes, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John P. Cusick, Sr., appeals the district court's memorandum opinion and order granting the Government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Proceeding pro se, Cusick sued the Department of Justice after Dick's Sporting Goods refused to sell him a firearm due to his answers on ATF Form 4473. In his complaint, he conceded that he had a previous conviction for a crime punishable by a prison sentence in excess of one year. But he nevertheless asserted that 18 U.S.C. § 922(g)(1), which prohibits any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year from possessing a firearm, violates the Second Amendment. He also claimed that § 922(g)(4), which prohibits any person "adjudicated as a mental defective or who has been committed to a mental institution" from possessing a firearm, is unconstitutionally vague. J.A. 6. Finally, Cusick alleged the National Instant Criminal Background Check System (NICS) violated his due process rights because it did not afford him the opportunity to appeal the denial based on Form 4473.

The district court granted the government's motion to dismiss. Construing his § 922(g)(1) challenge as a facial challenge, it held that § 922(g)(1) did "not infringe on the Second Amendment right as currently defined by the Supreme Court" in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and *District of Columbia v. Heller*, 554 U.S. 570 (2008). J.A. 57–60. As for his § 922(g)(4) challenge, the district court determined that his claim failed for lack of standing because, once Cusick acknowledged he was prohibited from possessing a firearm under § 922(g)(1) and the court found that provision constitutional, any ruling on § 922(g)(4) would not redress his injury. As to his

2

due process claims regarding the NICS, the court held those failed largely because he conceded he had qualifying convictions. Cusick appealed.[1]

Initially, we held Cusick's appeal in abeyance pending this court's decision in *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024). *Canada* held that § 922(g)(1) is facially constitutional. *Id*. at 161. Thus, *Canada* forecloses Cusick's facial challenge.

All but conceding that, for the first time in his opening brief, Cusick argues the district court erred in construing his complaint as a facial challenge—that it really was an as applied challenge. According to Cusick, this distinction also means his claims regarding § 922(g)(4) and the NICS are still viable since the district court's dismissal of those claims was based on its decision that § 922(g)(1) was facially constitutional. We disagree.

First, Cusick's informal brief failed to take issue with the district court's ruling on § 922(g)(1) at all, instead focusing on his claims challenging § 922(g)(4) and the NICS. That alone suggests Cusick's argument on § 922(g)(1) is waived. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

But even looking past any waiver issue and construing Cusick's pro se complaint liberally, we agree with the district court that Cusick only raised a facial challenge to § 922(g)(1). Cusick sought only a broad remedy—that the court "overrule[] and invalidate[] . . . 18 U.S.C. § 922(g) and any other corresponding lines or statutes." J.A. 14. And Cusick's complaint cited no specific fact in support of any argument that § 922(g)(1)

---

[1] We have appellate jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 1331.

was unconstitutional as applied to him. *See White Coat Waste Project v. Greater Richmond Transit Co.*, 35 F.4th 179, 204 (4th Cir. 2022) ("An as-applied challenge is one which depends on the identity or circumstances of the plaintiff.").

Having found Cusick failed to raise an as applied challenge, we find no reversible error in the district court's decision. Therefore, we affirm its memorandum opinion and order. We also deny Cusick's motions for summary disposition, appointment of counsel and remand. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*